■ In the Matter of NATALIE A. CALWIL, Appellant, v. WARREN W. CALWIL, Respondent.— Order of the Family Court of the State of New York, New York County, entered on October 28, 1970, dismissing a petition to modify the provisions of a Mexican divorce, modified, on the law, to strike the words "without prejudice to a renewal" from the last decretal paragraph and otherwise affirmed, without costs and without disbursements, and without prejudice to an application for counsel fees. The statute requires as a condition precedent to the relief sought both the existence of a valid decree of divorce, separation or annulment *and* a provision in that decree granting alimony or support (*Ludwig* v. *Ludwig,* 39 A D 2d 456). Concur — Markewich, J. P., Murphy, Lane and Capozzoli, JJ. Kupferman, J., dissents in part in the following memorandum: While I otherwise concur in the court's decision, I would affirm that part of the order of the Family Court that dismisses "without prejudice to renewal". While the separation agreement entered into in New York State prior to the divorce decree should control, there can be situations where the wife may show a proper basis for some support. (*McMains* v. *McMains,* 15 N Y 2d 283; *Calwil* v. *Calwil,* 34 A D 2d 535, 536, app. dsmd. 27 N Y 2d 726; *Gardner* v. *Gardner,* 40 A D 2d 153.) *Ludwig* v. *Ludwig* (39 A D 2d 456) does not change the situation. There Florida was the prime contact not New York, and so we had no reason to look behind the Florida decree. (See, in general, Law and the Family, Foster & Freed, N. Y. L. J., Jan. 26, 1973, p. 1, col. 1, p. 4, col. 3.)